Wood, J.
That, between husband and wife, this was an equitable and not a legal estate, can make no difference, provided the intention to create such legal estate is clearly manifest from terms of the contract.
*It- is said in this case by the defense, that although bus-band and wife, by reason of their unity, can not hold an estate as joint tenants, nevertheless, on the death of either, the other takes, by survivorship, tho whole estate.
Can this principle be maintained? The jus accressendi prevails among joint tenants only, and, when there is no such estate, there is no such survivorship, that is, survivorship for the exclusive bonofit of the survivor; for, though partners may hold by survivor- *64 ship, they hold as trustees for others, as well as (or themselves, and not as joint tenants at common law. Are husband and wife an exception to the general rule ? It has been so decided in some of the states; but the reasoning by which it is sustained is subtle and too much refined; for, while it is admitted that estates in joint tenancy are prohibited by statute, and that husband and wife, by reason of their unity, can not hold in that character, they are treated as quasi joint tenants, and the doctrine of survivorship applies.
It would become necessary to give to the whole subject a more extended research, and a more thorough investigation, wore it not for the decisions Of our own courts, and our well-settled convictions that they are sound law, and therefore ought not to bo disturbed.
In Sargeant and wife v. Steinberger et al., 2 Ohio, it was held that estates in joint tenancy did not exist under our law ; and, say the court, it has been so repeatedly adjudged upon the circuit. "We have, they remark, various statutory provisions inconsistent with any such principle as the right of survivorship, and a joint tenancy of husband and wile is at variance with our law. The court also decide that, under a devise to husband and wife, in caso of her death, her children inherit her undivided moiety, and that they hold it as tenants in common with their father. This decides the case at bar. In Lessee of Mills v. Fisher, 10 Ohio, 1, this court hold that estates in joint tenancy had no existence here. They are, in fact, no longer favorites of the common law in England; for, although they wore, Lord Holt, in 1 Salk. 391, gives us the reason. It was the right of survivorship. *Its policy was averse to the division of tenures, because it tended to multiply feudal services, and weaken the efficacy of that connection. But Lord Hard-wick, long after, in 1 Wils. 165, declared the reason had ceased with the abolition of tenures.
We entertain no doubt that such estates, and their concomitant incident, the right of survivorship, are utterly inconsistent with the genius and spirit of our laws.
It is suggested that this contract to convey was voluntary, and the execution of it, for that reason, can not be enforced in equity. The principle is sound, but the fact is not so. The agreement is under seal, and imports a valuable consideration.
Let a decree be entered for the execution of this trust.
Decree accordingly.